```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
TERRENCE PLATT, *pro se*,          :
                                    :    **MEMORANDUM AND ORDER**
                        Petitioner, :
                                    :    06-CV-2072 (DLI)
            -against-               :
                                    :
ROBERT ERCOLE, Superintendant, Green Haven  :
Correctional Facility,              :
                                    :
                        Respondent. :
----------------------------------------------------------------x
```
**DORA L. IRIZARRY, United States District Judge:**

On April 24, 2006, *pro se* petitioner Terrence Platt ("Petitioner") filed the instant action, seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (*See generally* Docket Entry No. 1 ("Pet.").) The court construes the petition as raising two separate claims for habeas relief.[1] The Kings County District Attorney responded to the petition on June 27, 2006, opposing both claims. (*See generally* Docket Entry No. 4 ("Resp.").)

On July 19, 2006, the court granted Petitioner's motion to stay resolution of this action pending exhaustion of his available state remedies, and ordered him to notify the court within ten days of any state court decision being rendered. (*See* Docket Entry No. 6.) On October 2, 2009, having received no such notice, the court ordered Petitioner to provide a status report no later than November 6, 2009. Petitioner failed to comply by that date, and has failed to provide the court with any status report as of the date of this Order. Accordingly, the court deems his petition fully briefed, and for the reasons set forth below, denies the petition in its entirety.

---

[1] As a *pro se* litigant, petitioner's pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Accordingly, the court interprets the instant petition "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted).

## BACKGROUND

On October 6, 1997, Petitioner and two accomplices fired pistols into a crowd at Coney Island in Brooklyn, New York. (Aff. of Keith Dolan in Opp'n to Pet. ("Aff.") ¶ 5–7.) Their intent in so doing was to kill a man named Anthony Dawson, in retaliation for an earlier assault by Dawson against a friend of theirs. (*Id.* ¶ 5.) Although they missed Dawson, two other people—both innocent bystanders—were hit by their bullets and killed. (*Id.* ¶ 7.) On May 3, 2000, Petitioner was convicted by a Kings County jury of two counts of Murder in the Second Degree, pursuant to N.Y.P.L. §125.25[2]. The trial court subsequently sentenced Petitioner to two concurrent prison terms of twenty-five years to life. (*Id.* ¶ 10; *see also* Pet. 1.)

With the assistance of appellate counsel, Petitioner appealed his conviction on two grounds. (Aff. ¶ 11.) First, he argued that the trial court had erred in refusing to submit to the jury a Second Degree Manslaughter lesser included offense charge. (Pet. 2.) Second, Petitioner argued that his sentence was excessive. (*Id.*) The Appellate Division rejected both arguments on November 18, 2002, finding that no reasonable view of the evidence adduced at trial could support a Second Degree Manslaughter charge, and that the sentence was not excessive. (Aff. ¶ 15); *see People v. Platt*, 299 A.D.2d 496 (2d Dep't 2002). On November 22, 2002, again with the assistance of appellate counsel, Petitioner sought leave to appeal from the New York State Court of Appeals, which was denied on February 3, 2003. (Aff. ¶ 16–18; *see People v. Platt*, 99 N.Y.2d 618 (2003).

On October 9, 2003, Petitioner moved *pro se* for a writ of error *coram nobis*, contending that he had been denied effective assistance of appellate counsel. (Aff. ¶ 19; Pet. 3.) The Appellate Division assigned him new appellate counsel, and granted him leave to file a brief on the issues. *See People v. Platt*, 5 A.D.3d 402 (2d Dep't 2004). Petitioner did so, arguing that his

original appellate counsel was constitutionally ineffective because he had failed to raise two issues on appeal: that the trial court had improperly dismissed one of the jurors, and that the trial court had improperly responded to a jury note without input from defense counsel. (Aff. ¶ 22.) On September 26, 2005, the Appellate Division rejected both arguments and denied the application for a writ of error *coram nobis*. (Aff. ¶ 24); *see People v. Platt*, 21 A.D.3d 1124 (2d Dep't 2004). The Court of Appeals subsequently denied Petitioner's request to review the Appellate Division's decision. (Aff. ¶ 27); *see People v. Platt*, 5 N.Y.3d 884 (2005).

The two grounds raised by Petitioner in the instant habeas petition are substantially the same as those raised on appeal and in the petition for a writ of error *coram nobis*. First, he argues that the trial court's refusal to charge the jury as to the lesser included offense of Manslaughter in the Second Degree violated his due process rights. (Pet. 5.) Second, he argues that he was denied effective assistance of counsel because his original appellate counsel "fail[ed] to raise two meritorious issues on direct appeal." (*Id.* at 6.) These issues were, respectively, that the trial court: (1) improperly dismissed a juror; and (2) improperly failed to hear Petitioner's concerns regarding a juror request during deliberations. (*Id.*) Petitioner did not elaborate on either of his two grounds for habeas relief in the instant action, and set forth no supporting facts. (*See id.*) Petitioner makes no claim of actual innocence. (*See generally* Pet.)

Respondent contends that Petitioner's first ground for relief is not cognizable in a habeas action, as there is no established due process right to the jury charge requested by petitioner. (*See* Resp. 1–2.) Regarding Petitioner's second ground for relief, Respondent argues that the New York courts reasonably applied the relevant constitutional standards concerning effective assistance of counsel. (*See id.* at 5–6.) Furthermore, with respect to the two issues Petitioner's original appellate counsel failed to raise on direct appeal, Respondent argues that: (1) the trial

3

court's decision to replace a sick juror with an alternate was within its discretion and resulted in no prejudice to Petitioner (*see id.* at 6–7); and (2) Petitioner's claim that the trial court failed to provide him a fair opportunity to be heard on a jury request is belied by the record. (*See id.* at 10–11.)

## DISCUSSION

**A.     Legal Standards**

"[A] federal court may not grant the habeas petition of a state prisoner 'unless it appears that the applicant has exhausted the remedies available in the courts of the State; or that there is either an absence of available State corrective process; or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.'" *Aparicio v. Artuz*, 269 F.3d 78, 89–90 (2d Cir. 2001) (quoting 28 U.S.C. § 2254(b)(1)). To satisfy this exhaustion requirement, a petitioner must have presented the same constitutional claims that serve as grounds for his § 2254 action "to the highest court in the pertinent state." *Pesina v. Johnson*, 913 F.2d 53, 54 (2d Cir. 1990). "Even where the Respondent does not challenge Petitioner's claims on exhaustion grounds, the Court has an independent obligation to ensure that this requirement has been met, unless expressly waived by the State." *Cordero v. Rivera*, 677 F. Supp. 2d 684, 696 n.3 (S.D.N.Y. 2009) (citing 28 U.S.C. § 2254(b)(3)).

With respect to the merits of a petitioner's claims, under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs review of petitions filed after 1996, federal courts may grant habeas relief only if the state court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A decision is "contrary to" federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000). An "unreasonable determination" is one in which "the state court identifie[d] the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applie[d] that principle to the facts of the prisoner's case." *Id.* at 413.

A federal court may not grant relief "simply because that court concludes in its independent judgment that the relevant state court-decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the state court's application must have been "objectively unreasonable." *Id.* at 409. "[A] determination of a factual issue made by a State court shall be presumed to be correct," and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**B.    Lesser Included Offense Jury Charge**[1]

While there is a constitutional right to a lesser included offense charge in *capital* cases, *see Beck v. Alabama*, 447 U.S. 625, 638 (1980), the Supreme Court has specifically declined to rule on "whether the Due Process Clause would require the giving of such instructions in a *noncapital* case." *Id.* at 638 n.14 (emphasis added). Thus, applying *Teague v. Lane*, which bars the announcement of a new constitutional rule in the context of habeas review, *see* 489 U.S. 288, 308–10 (1989), "[t]he Second Circuit . . . has held habeas relief unavailable for a failure to charge a lesser included offense in non-capital cases." *Lisojo v. Rock*, 2010 WL 1223086, at *29

---

[1] Petitioner raised this first claim for habeas relief in his direct appeal to the Appellate Division, whose decision the Court of Appeals subsequently declined to review. Accordingly, this claim is exhausted, and properly before this court. *See Pesina*, 913 F.2d at 54.

5

(S.D.N.Y. Mar. 31, 2010) (citing *Jones v. Hoffman*, 86 F.3d 46, 48 (2d Cir. 1996); *see also Hendrie v. Green*, 2010 WL 786467, at *9–10 (N.D.N.Y. Mar. 3, 2010); *Mercado v. Conway*, 2009 WL 2157002, at *5 (W.D.N.Y. July 15, 2009); *Caimite v. Fischer*, 2009 WL 236917, at *9 (E.D.N.Y. Feb. 2, 2009). Petitioner's first claim for relief is therefore not cognizable under § 2254.

Notwithstanding *Teague's* holding, Petitioner's claim of error in the trial court's refusal to issue the requested lesser included manslaughter charge is without merit and fails as a matter of law. In order to prevail on this claim, a petitioner must first demonstrate that the instruction was required by the relevant state law. *See Jackson v. Edwards*, 404 F.3d 612, 621 (2d Cir. 2005). "Under New York law, the jury may be instructed on a lesser included offense *only if*, under any reasonable view of the evidence as seen in the light most favorable to defendant, a jury could find that the defendant committed the lesser offense *but not the greater offense*." *Baker v. Lempke*, 2010 WL 1730034, at *10 (N.D.N.Y. Apr. 26, 2010) (emphasis added) (citing N.Y. CRIM. PROC. LAW § 300.50[1]; *People v. Randolph*, 81 N.Y.2d 868, 869 (1993)).

Second Degree Murder, the "greater offense" with which Petitioner was charged, occurs when, "[u]nder circumstances evincing a depraved indifference to human life, [a person] recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes the death of another person . . . ." N.Y. PENAL LAW § 125.25[2]. Second Degree Manslaughter, in contrast, has no "depraved indifference" requirement, and occurs when a person "recklessly causes the death of another person." N.Y. PENAL LAW § 125.15[1]. "Depraved indifference" is defined as conduct so "wanton, so deficient in a moral sense of concern, so devoid of regard of the life or lives of others, and so blameworthy as to warrant the same

criminal liability as that which the law imposes upon a person who intentionally causes the death of another." *People v. Suarez*, 6 N.Y.3d 202, 202–03 (2005).

Here, Petitioner confessed to firing into a crowd of people, and the prosecution corroborated this at trial through both eyewitness testimony and forensic evidence. (*See* Tr. 571–73.) Firing into a crowd is a "quintessential example[]" of the "utter disregard for the value of human life" necessary for a Second Degree Murder conviction under a depraved indifference theory. *See Suarez*, 6 N.Y.3d at 214 (citing *People v. Jernatowski*, 238 N.Y. 188 (1924)). As such, no reasonable jury could have failed to find that Petitioner committed this "greater offense." *See* N.Y. CRIM. PROC. LAW § 300.50[1]; *Randolph*, 81 N.Y.2d 868 at 869. Accordingly, Petitioner cannot demonstrate that the trial court erred in declining to give the lesser included offense charge. *See Jackson*, 404 F.3d at 621.

C.  **Ineffective Assistance of Appellate Council**[2]

*Strickland v. Washington* sets forth the standard for constitutionally ineffective assistance of counsel. *See* 466 U.S. 668, 687 (1984). Counsel is "strongly presumed" to have rendered adequate assistance, and to have made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 689. To prevail under *Strickland*, a petitioner must show that his counsel's representation "fell below an objective standard of reasonableness" and that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 687. "Reasonable probability" is "probability sufficient to undermine confidence in the outcome." *Id.* at 694. This same standard is applicable to claims of

---

[2] This claim for relief was, like the first claim, properly exhausted, as petitioner raised it in his application for a writ of error *coram nobis* to the Appellate Division, whose ruling the Court of Appeals subsequently declined to review. *See Pesina*, 913 F.2d at 54.

ineffective assistance of appellate counsel. *See Ramchair v. Conway*, 601 F.3d 66, 73 (2d Cir. 2010).

"In attempting to demonstrate that appellate counsel's failure to raise a state claim constitutes deficient performance, it is not sufficient for the habeas petitioner to show merely that counsel omitted a nonfrivolous argument, for counsel does not have a duty to advance every nonfrivolous argument that could be made." *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994) (citing *Jones v. Barnes*, 463 U.S. 745, 754 (1983)). "Generally, only when ignored issues are clearly stronger than those presented [on appeal], will the presumption of effective assistance of counsel be overcome." *Id.* (quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1985)). "To establish prejudice for failing to raise an issue on direct appeal, a petitioner must show that there was a reasonable probability that the claim would have been successful before the state's highest court." *Comfort v. Artus*, 2010 WL 2010941, at *3 (W.D.N.Y. May 18, 2010) (citing *Claudio v. Scully*, 982 F.2d 798, 803 (2d Cir. 1992)).

### 1. Dismissal of Juror

Petitioner claims appellate counsel was ineffective because counsel failed to appeal the dismissal of a sworn juror. (Pet. 6.) However, "substitution of an alternate juror for reasonable cause is the prerogative of the court and does not require the consent of any party." *United States v. Millar*, 79 F.3d 338, 342 (2d Cir. 1996) (quoting *United States v. Floyd*, 496 F.2d 982, 990 (2d Cir. 1974)). Courts will only be found to have abused this discretion where the defendant is able to show bias or prejudice against the defendant. *See United States v. Agramonte*, 980 F.2d 847, 850 (2d Cir. 1992); *United States v. Gambino*, 951 F.2d 498, 503 (2d Cir. 1991).

Here, the dismissed juror had suffered a severe allergy attack that required medical attention. (*See* Tr. 612–13.) The trial court determined that the juror would be "missing for the

rest of the day," and, accordingly, substituted in an alternate juror over defendant's objection. (*Id.* at 613.) Under federal case law, the trial judge indisputably had full discretion to do so. *See Millar*, 79 F.3d at 342. Even if, as Petitioner asserts, the trial court had an obligation to conduct further inquiry into the status of the juror before exercising this discretion, Petitioner has made no showing of how dismissal of the juror resulted in either bias or prejudice. *See Agramonte*, 980 F.2d at 850; *Gambino*, 951 F.2d at 503.

In sum, because dismissal of the juror provided absolutely no legitimate basis on which to appeal, Petitioner's appellate counsel's representation cannot be said to have fallen below an "objective standard of reasonableness" for failing to do so. *See Strickland*, 466 U.S. at 687. Furthermore, Petitioner gives no indication as to how "there was a reasonable probability that [this] claim would have been successful before the state's highest court." *Comfort*, 2010 WL 2010941, at *3 (citing *Claudio*, 982 F.2d at 803). Accordingly, no habeas relief is warranted based on this claim.

### 2. Opportunity to be Heard on Juror Note

Petitioner's second ground for claiming ineffective assistance of appellate counsel is that his original appellate counsel declined to appeal the trial court's failure to provide him "a fair opportunity to be heard concerning requests from a deliberating juror." (Pet. 7.) Specifically, Petitioner contends that "[b]y requiring defense counsel to make his objections off record, the court prevented [him] from adequately briefing this issue . . . ." (Tr., Ex. D at 13.) It is well settled that counsel must have the opportunity to be heard upon the receipt of a jury note prior to any judicial response. *See United States v. Robinson*, 560 F.2d 507, 516 (2d Cir. 1977) ("The Sixth Amendment and Rule 43 of the Federal Rules of Criminal Procedure require that ordinarily a message from the jury be answered in open court and that counsel be given the opportunity to

9

be heard before the trial judge responds to the jury's questions."). The proper procedure for responding to jury notes was set forth in *United States v. Ronder*, where the Second Circuit held, *inter alia*, that "counsel should have an opportunity to suggest a response, and the judge should inform counsel of the response to be given." 639 F.2d 931, 934 (2d Cir. 1981).

Here, the record indicates that the court, upon receiving the jury note in question outside the jury's presence, provided counsel with both notice of its content and its proposed response. (*See* Tr. 787.) After the jury was brought in, as the court began to respond to the jury directly, defense counsel asked to approach, at which time a discussion was held off the record. (*Id.* at 788.) The court then noted an exception, and resumed its response to the jury inquiry. (*Id.*)

Although it is unclear why the conversation was held off the record, the only logical inference is that the exception noted by the court was that of defense counsel addressing some aspect of the court's intended response. (*See id.*) Counsel thus had an "opportunity to be heard" as required under *Robinson*. *See* 560 F.2d at 516. Significantly, Petitioner takes no issue with the answer that the court actually gave to the jury. Furthermore, Petitioner again fails to indicate why a different outcome might have resulted but for his counsel's so-called "unprofessional error," *Strickland*, 466 U.S. at 687, or how "there was a reasonable probability that [this] claim would have been successful before the state's highest court." *Comfort*, 2010 WL 2010941, at *3 (citing *Claudio*, 982 F.2d at 803). For these reasons, Petitioner's original appellate counsel's representation cannot be said to have fallen below an objective standard of reasonableness for failing to appeal an issue that was so clearly frivolous. Accordingly, no habeas relief is warranted on this ground.

## CONCLUSION

For the reasons set forth above, the petition is denied in its entirety. Petitioner is further denied a certificate of appealability as he fails to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see* FED. R. APP. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Luciadore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.


DATED:   Brooklyn, New York
         September 27, 2010


                                             _____/s/_____
                                             DORA L. IRIZARRY
                                             United States District Judge